IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

HURNEVIN G. COLLIER,                    §
                                        §
          Plaintiff,                    §
                                        §
VS.                                     §      CIVIL ACTION NO. SA-23-CV-0307-FB
                                        §
BROOKE ARMY MEDICAL CENTER,             §
                                        §
          Defendant.                    §

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE AND GRANTING
## DEFENDANT'S RENEWED AND SUPPLEMENT TO MOTION TO DISMISS

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on September 19, 2023 (docket #12); Plaintiff's Objections to Report and Recommendation filed on September 28, 2023 (docket #15); Defendant's Renewed Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5) filed on December 1, 2023 (docket #18); and Defendant's Supplement to Motion to Dismiss filed on February 20, 2024 (docket #19).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review

when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

### *Report and Recommendation*

In the Report, Magistrate Judge Bemporad  recommends to this Court that this case be dismissed without prejudice for failure of timely service pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  Magistrate Judge Bemporad further recommends that in light of the foregoing recommendation, the pending motion to dismiss (docket #10) be denied as moot.

As set forth in the Report, Plaintiff, proceeding *pro se*, filed Plaintiff's Federal Torts Claim Act ("FTCA") complaint on March 13, 2023.  Pursuant to Federal Rule of Civil Procedure Rule 4(m), the time for service of the complaint expired on June 12, 2023.  Plaintiff submitted proof of service purporting to show service of the complaint on the Commanding Judge Advocate of Brooke Army Medical Center (BAMC) on June 7, 2023 (docket #7).  This service, however, was ineffective. Federal Rule of Civil Procedure 4(i)(2) requires service on the United States in addition to BAMC. Rule 4(i)(1) requires that the United States be served by:  (1) either delivery of a copy of the summons and of the complaint to the United States attorney or his designee or by registered or certified mail to the civil-process clerk at the United States attorney's office; and (2) registered or certified mail to the Attorney General of the United States in Washington, D.C.   *See* FED. R. CIV. P. 4(i)(1).  After the service deadline passed, Defendant filed a notice indicating that it had not been properly served under Federal Rule of Civil Procedure 4(i) (docket #6).  In response to Defendant's notice, Magistrate Judge Bemporad issued an order explaining to Plaintiff how proper service upon the United States or its agencies must be effectuated pursuant to Rule 4(i) and *sua sponte* extended Plaintiff's deadline for service to August 7, 2023 (docket #8).

As noted in the Report, Plaintiff's extended deadline of August 7th passed with no showing that the Defendant was properly served.  As a result, Magistrate Judge Bemporad issued a show cause order requiring Plaintiff to show cause why the case should not be dismissed for failing to timely serve the Defendant pursuant to Rule 4(m) (docket #9).  The Show Cause Order admonished Plaintiff that the failure to respond could result in the dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with the orders of the court.  Two days later, Defendant filed its motion to dismiss for failure of proper service pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (docket #10).  The record reflects the Plaintiff did not respond to the show cause order or to Defendant's motion to dismiss.  Although the Defendant's motion did not include a certificate of service, the Court's Show Cause Order was mailed to the address identified in Plaintiff's complaint, and the order was returned as undeliverable (docket #11).  Plaintiff did not update Plaintiff's address, did not file any document, and did not have any other contact with the Court for three months.

Magistrate Judge Bemporad explains in his Report that Rule 4 of the Federal Rules of Civil Procedure provides that, "'[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time.' FED. R. CIV. P. 4(m).  'But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.' *Id.*"  Report, docket #12 at page 3.  Here, because the Defendant was not served within 90 days after the filing of the complaint, nor was it served within the extended period provided by the Court, Magistrate Judge Bemporad found dismissal under Rule 4(m) appropriate.  *Id.*

Magistrate Judge Bemporad found, in the alternative, that dismissal also is appropriate under Federal Rule of Civil Procedure 41.  This rule provides that "'[i]f the plaintiff fails to prosecute or to

comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it.' Fᴇᴅ. R. Cɪᴠ. P. 41(b)."  Although this rule is phrased in terms of a motion to dismiss,

Magistrate Judge Bemporad noted that the Court possesses inherent authority to dismiss an action *sua*

*sponte*. *See Link v. Wabash R.R., Co.*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835

F.2d 1126, 1127 (5th Cir. 1988).  He noted further that in appropriate cases;

> dismissal for want of prosecution is essential to the administration of justice: the Court
> must be able to clear its calendar of cases that remain dormant because of the inaction
> or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious
> disposition of cases. *Link*, 370 U.S. at 630. As the Court explained in *Link*, the
> availability of the dismissal sanction "is necessary in order to prevent undue delays in
> the disposition of pending cases and to avoid congestion in the calendars" of the Court.
> *Id*. at 630–31.
>
> In this case, Plaintiff's case should be dismissed under Rule 41(b). Plaintiff has
> failed to make effective service on Defendant, even after being advised by defense
> counsel and the Court, and has failed to respond to the Court's show cause order, or
> Defendant's motion to dismiss.  Plaintiff has failed to respond to the Court despite
> being specifically advised that such failure could result in dismissal under Rule 41(b).
> (See Docket Entry 9.)  Indeed, Plaintiff has had no contact with the Court since filing
> proof of improper service nearly three months ago.  His inaction warrants dismissal
> without prejudice under Rule 41(b).
>
> Even when dismissal under Rule 41(b) is ordered without prejudice, the
> dismissal is subject to greater scrutiny if, because of the applicable statute of
> limitations, the dismissal could have a prejudicial effect on a plaintiff's ability to
> reinstate his claims. *See, e.g., Nottingham v. Warden*, *Bill Clements Unit*, 837 F.3d
> 438, 441 (5th Cir. 2016).  In this case, it is impossible to make a determination as to
> the limitations issue, because Plaintiff has not provided any information or allegation
> as to the date of his injury, nor has he provided information pertaining to the mailing
> of notice of denial of a claim by BAMC or any federal agency.  *See* 24 U.S.C.
> § 2401(b) (setting out limitations periods for FTCA claims). Nevertheless, assuming
> a limitations issue is presented by the case, dismissal is separately required by Rule
> 4(m).

*Id.* at pages 3-4.

### *Plaintiff's Objections/Response to Report and Recommendation*

In the response/objections to the Recommendation, Plaintiff asks this Court to reconsider the

recommendation to dismiss the case without prejudice for failure of timely service.  Plaintiff states the

summons along with the complaint in this civil action was served on the Defendant BAMC Command Judge Advocate on the 7th of June, 2023.  Immediately following this date, Plaintiff states that due to a family medical emergency Plaintiff was required to travel to Turkey and notified the Converse Postal Service to hold and forward any mail to Plaintiff's APO address.  Additionally, the post office was given permission to contact Plaintiff's neighbor if there were any problems.  Plaintiff was notified after departure that due to rule changes Plaintiff's mail could not be held and forwarded to the APO address.  Plaintiff asserts this resulted in the non-receipt of the warning letters that were sent to Plaintiff's home address and resulted in Plaintiff's failure to complete the required time sensitive procedures in a timely manner.  Plaintiff requests, for this reason, "reinstatement of your orders and permissions pertaining to this case." Objections/Response, docket #15 at page 2.  The response also includes handwritten notes indicating that Plaintiff is sending summons to the U.S. Attorney's Office in San Antonio, Texas, and to the Office of the Attorney General in Washington, D.C.  Plaintiff attached to the Response a copy of an Official Mail Forwarding Change of Address Order form and three Authorization to Hold Mail forms.  The Forwarding Change of Address Order form is dated June 12, 2023, and the Authorization to Hold Mail Forms show start and end dates of: June 16 to July 13, 2023 and August 13, to September 12, 2023.  Only the duplicate copy of the June 16 to July 13, 2023, Authorization to Hold Mail Form, at page 11 of the Response, shows what appears to be a notation of acceptance from the U.S. Postal Service.

On September 28, 2023, summons were reissued to the Plaintiff under the case style of Hurnevin G. Collier  vs. Attorney General of the United States (docket #16 at page 1) and Hurnevin G. Collier v. United States Attorney General (docket 16 at page 3).  On November 17, 2023, the summons in the case style of Hurnevin G. Collier v. United States Attorney General was returned executed via the certified mail return receipt addressed to the Civil Process Clerk, United States

Attorney for the Western District of Texas in San Antonio, Texas (docket #17). The record does not show any indication that the Attorney General of the United States was or has ever been served in Washington, D.C.

### *Defendant's Renewed Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5)*

On December 1, 2023, Defendant filed its Renewed Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5) (docket #18), asserting two reasons for the renewal of its motion: (1) Plaintiff's failure to timely serve the complaint in accordance with Federal Rule of Civil Procedure 4(i); and (2) Plaintiff's asserted claim is against the wrong defendant (BAMC), and summons were directed to a different defendant (United States Attorney General) than the one erroneously named in the Complaint (BAMC).

As Defendant explains in its motion, "'[T]he United States is the only proper defendant in an FTCA suit.' *Morgan v. United States*, No. SA-17-CV-00602-OLG, 2018 WL 1898403, at *2 (W.D. Tex. Jan. 19, 2018)." Renewed Motion to Dismiss, docket #18 at page 5. Here, Plaintiff named Brooke Army Medical Center as the sole defendant in the Complaint (docket #1), and most recently, has asked for issuance of a summons naming the U.S. Attorney General as the Defendant (docket #17). Although usually, as the Defendant points out, "'service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way,' *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999); *see also Aerielle Techs., Inc. v. Procare Int'l Co.*, No. 2:08-CV-284-TJW, 2011 WL 767775, at *2 (E.D. Tex. Feb. 28, 2011)," it is clear in this Court and the Fifth Circuit that the misnomer of the defendant in an FTCA case is not insignificant. "'[A]n FTCA claim against a federal agency or employee as opposed to the United States must be dismissed for want of jurisdiction.' *Morgan v. United States*, No. SA 17-CV-00602-OLG, 2018 WL 1898403,

at *2 (W.D. Tex. Jan. 19, 2018) (quoting *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988))." *Id.*    Similarly, the Defendant maintains that "a summons that names an official of the United States as Defendant rather than the United States itself cannot be effective under Rule 12(b)(4) to effect service on either the United States or upon the improperly named Defendant in this action, Brooke Army Medical Center. *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008)." *Id.*

In addition, Defendant asserts this case should also be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the Plaintiff has failed to effect proper service on Defendant within 90 days of the date the Plaintiff's Complaint was filed on March 13, 2023, pursuant to Rule 4(m), or within the additional time allowed by Magistrate Judge Bemporad pursuant to his order in July of 2023 (docket #8).  In fact to date, proper service still has not been made on the United States, and Defendant contends the assertions in Plaintiff's Response to the Report and Recommendation do not show good cause for Plaintiff's failure to comply with the Court's Show Cause Order.  Defendant notes that although Plaintiff asserted international travel for some period of time beginning on June 12, no information is provided as to how long the Plaintiff was outside of the United States.  Defendant also notes that the letter to the Converse Post Office attached to the Response and the sole Authorization to Hold Mail form that appears to have been received by USPS both reflect July 13 as the end date for the mail to be held and forwarded—a date well before the August 7 extended deadline to effect service and before the Court's August 16 Show Cause Order. Moreover, "Plaintiff bears the burden of demonstrating good cause for her failure to timely serve Defendant to avoid dismissal of her Complaint, which requires that she demonstrate 'at least as much as would be required to show excusable neglect'—generally more than mere "'[i]nadvertence,' 'mistake,' or 'ignorance of the rules[.]'" *Kaden,* [*v. Chamisa Arts, Inc.*, No. EP-15-CV-146-DB], 2016

WL 7616692, at *4 [(W.D. Tex. July 15, 2016)]. She has not, and her Complaint should therefore be dismissed under Rule 12(b)(5)." *Id.* at page 6.

Defendant also maintains Plaintiff's claim should be dismissed because it is asserted against the wrong defendant. From a review of the Complaint, it appears the Plaintiff is asserting claims under the FTCA. However, instead of naming the United States as the Defendant, Plaintiff names BAMC. As the Defendant explains, the FTCA "'only grants district courts jurisdiction for tort claims 'against the United States,' and Courts have repeatedly held that the United States is the only proper defendant in an FTCA suit.' *Morgan v. United States*, No. SA-17-CV-00602-OLG, 2018 WL 1898403, at *2 (W.D. Tex. Jan. 19, 2018). 'As a result, "an FTCA claim against a federal agency or employee as opposed to the United States must be dismissed for want of jurisdiction."' *Id.* (quoting *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988))." <u>Renewed Motion to Dismiss</u>, docket #18 at page 6.

To date, no response or opposition to the Renewed Motion to Dismiss has been filed by the Plaintiff.[1] The record reflects a copy of the Renewed Motion was sent to the Plaintiff at the address on file with the Court.

### ***<u>Supplement to Motion to Dismiss</u>***

On February 20, 2024, Defendant filed its Supplement to Motion to Dismiss (docket #19) to present additional support for its requested dismissal of this case pursuant to Federal Rule of Civil

---

[1] Western District of Texas Local Rule CV-7(d)(2) provides:

A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.

However, it is not proper for this Court to grant a motion to dismiss solely based on a party's failure to respond. *Webb v. Morella*, No. 11-30175, 2012 WL 45411 at *2 n.4 (5th Cir. Jan. 9, 2012); *see Luera v. Kleberg Cnty.*, 460 F. App'x 447, 449 (5th Cir. 2012) (Fifth Circuit Court of Appeals has "approached the automatic grant of a dispositive motion . . . based solely on a litigant's failure to respond, with considerable aversion; and [has] permitted such dismissal only when there is a record of extreme delay or contumacious conduct.").

Procedure 12(b)(6).  According to the Supplement, Plaintiff's claim is untimely and forever barred pursuant to 28 U.S.C. § 2401(b) because it was filed more than six months after the notice of the final agency decision on Plaintiff's administrative claim.  Defendant contends that the "doctrine of equitable tolling is applied 'sparingly,' and the party seeking its application 'has the burden to provide justification for doing so.' *Lonero,* [*v. United States*, No. 22-10317 (5th Cir. Aug. 18, 2022)] 2022 WL 3544401, at *2; *Ellis*, [*v. United States Dept. of Veterans Affairs*] 721 F. App'x [395] at 397 [(5th Cir. May 9, 2018)] (quoting *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)).  Plaintiff has not done so.  Her Complaint should be dismissed as untimely and 'forever barred' under 28 U.S.C. § 2401(b)."  Supplement, docket #19 at page 3.  To date, Plaintiff has not filed any response to the Defendant's Supplement.  Again, the electronic docket indicates a copy of the Supplement was mailed to the Plaintiff at the address on file with the Court.[2]

The Court has reviewed the Plaintiff's response/objection and has conducted a de novo review of those issues raised by the Plaintiff.  The Court finds, after careful consideration of the record and the Report and Recommendation, that the Plaintiff's objection/response is insufficient to prevent dismissal of this case.  Despite being told by the Court and by the Defendant several times that service has not been properly made, Plaintiff has yet to effectuate proper service.  Therefore, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (docket #12) and incorporates the arguments and authorities contained in Defendant's Renewed Motion to Dismiss (docket #18) and finds the recommendation should be accepted and Defendant's Renewed Motion to Dismiss (docket #18) should be granted such that this case shall be DISMISSED WITHOUT PREJUDICE for failure of timely service pursuant to

---

[2]   *See* footnote 1.

Federal Rule of Civil Procedure 4(m);and for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b); and pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Defendant's first Motion to Dismiss under Rules 12(b)(4) and 12(b)(5) (docket #10) shall be DENIED AS MOOT.

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge, filed in this case on September 19, 2023 (docket #12), is ACCEPTED such that for the reasons set forth in the Report and Recommendation and in Defendant's Renewed Motion to Dismiss (docket #18) which is hereby GRANTED, this case is DISMISSED WITHOUT PREJUDICE for failure of timely service pursuant to Federal Rule of Civil Procedure 4(m); for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b); and pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Defendant's first Motion to Dismiss under Rules 12(b)(4) and 12(b)(5) (docket #10) is DENIED AS MOOT.

Having accepted the pending Report and Recommendation and granted Defendant's Renewed Motion to Dismiss, the Court will now consider whether the case should be dismissed with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) as set forth in the Defendant's Supplement to Motion to Dismiss.

### ***Standard of Review***

The standard of review for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), provides:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief."

(Quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955; citations omitted). The movant carries the burden of proof for dismissal under rule 12(b)(6). *Burrell v. University of Tex, Med. Branch*, No. H-09-3932, 2010 WL 1640939 at *2 (S.D. Tex. Apr. 21, 2010).

### *Analysis*

As set forth above, Defendant's Supplement to Motion to Dismiss (docket #19) asserts Plaintiff's claim should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is "forever barred" pursuant to 28 U.S.C. § 2401(b). Prior to filing her Complaint in this Court, Plaintiff was required to and did submit an administrative claim as required by the FTCA. Plaintiff's administrative claim was received on April 23, 2019, at BAMC, and was denied on October 25, 2021. Plaintiff filed a request for reconsideration and that was request was also denied. That denial letter was mailed to Plaintiff on September 8, 2022.[3] Plaintiff initiated this case by filing her

---

[3] Defendant attaches to its Supplement the affidavit of an Attorney Advisor with the United States U.S. Army Claims Service, who has access to records of all claims against the U.S. for which the Army has investigative responsibility. He states that "A thorough search of all records available to this Service has found that an administrative claim was filed individually by Hurnevin G. Collier on April 24, 2019, under the Federal Tort Claims Act ("the Claim")." Affidavit of Douglas Dribben, attached to Supplement at Exhibit C-2, docket #19-4 at page 1. He states further this Service denied the Claim on or about October 25, 2021, and Ms. Collier subsequently filed a request for reconsideration of the denial of the claim on or about April 27, 2022. Mr. Dribben drafted a letter denying the request for reconsideration

Complaint on March 13, 2023, which is more than six months later.  As a result, Defendant contends Plaintiff's case is untimely and should be dismissed pursuant to Rule 12(b)(6).  The Court agrees.

As set forth in the Supplement, the FTCA "establishes an administrative presentment requirement that is a 'prerequisite to suit against the United States under the FTCA.' *McNeil v. United States*, 508 U.S. 106, 112 (1993)." Supplement, docket #19 at page 2.  Accordingly, a plaintiff must (1) present his or her claim in writing to the relevant federal agency "within two years after such claim accrues" and (2) file his or her action in District Court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented[.]" *Ellis*, 721 F. App'x at 397 (citing *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001)); 28 U.S.C. § 2401(b).  The failure to meet either of the deadlines results in the claim being "forever barred."  28 U.S.C. § 2401(b).  A strict application of the six-month statute of limitations is required in the Fifth Circuit.  *Lonero v. United States*, No. 22-10317, 2022 WL 3544401, at *2 (5th Cir. Aug. 18, 2022) (citing *Carr v. Veterans Admin*., 522 F.2d 1355, 1357 (5th Cir. 1975)).  The six-month period for filing "begins to run at the time the notice of the final administrative decision is mailed, regardless of whether the claimant actually receives the notice." *Lonero*, 2022 WL 3544401, at *2 (citing *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012) and the "plain language of § 2401(b)").  Although the doctrine of equitable tolling may be applicable, its use is applied "sparingly," and "the party seeking its application 'has the burden to provide justification for doing so.' *Lonero*, 2022 WL 3544401, at *2; *Ellis*, 721 F. App'x at 397 (quoting *Granger v. Aaron's, Inc*.,

---

("Reconsideration Denial Letter"), which he forwarded to Col. David O. Anglin for signature.  He states Col. Anglin signed the Reconsideration Denial Letter on September 6, 2022. On September 8, 2022, at 6:35 a.m., Mr. Dribben forwarded the signed Reconsideration Denial Letter to their mailroom specialist, Charles Ambrogio, and instructed him to mail the letter.  Mr. Dribben avers further that the outgoing mail is sent from the Fort Meade mailroom each weekday at 10:00 a.m. Based on that schedule, it is his understanding that the Reconsideration Denial Letter was mailed to Ms. Collier on September 8, 2022.  *Id.* at page 2.

636 F.3d 708, 712 (5th Cir. 2011)).”  <u>Supplement</u>, docket #19 at page 3.  The record reflects the Plaintiff has failed to do so here.

### ***<u>Conclusion</u>***

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) contained in the Supplement to Motion to Dismiss (docket #19) is GRANTED such that Plaintiff's claim and this case are DISMISSED WITH PREJUDICE as untimely pursuant to 28 U.S.C. § 2401(b).  Motions pending if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 15th day of March, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE